IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGIONS BANK,
    Plaintiff,

v.

HOMES BY WILLIAMSCRAFT,
INC., et al.,
    Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-91-TWT

ORDER

This is a breach of contract action. It is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 9], which is GRANTED in part and DENIED in part.

I. Background

In 2006 and 2007, Defendants Homes by Williamscraft and B. Wilmont Williams (collectively "Williamscraft") entered into loan agreement contracts with Plaintiff Regions Bank ("Regions") to finance the construction of residential homes. Williamscraft signed security deeds granting ownership of the homes to Regions until each home was sold and the associated portion of the loan agreement contract was paid off. The security deeds provided that Williamscraft would "keep all improvements erected on said premises in good order and repair." (Compl., Ex. A.)

In 2008, the housing market declined, and Williamscraft was unable to satisfy its monthly payment obligations. According to Williamscraft, Regions orally agreed not to foreclose on its security deeds or sue on its notes if Williamscraft maintained and marketed its properties "in a manner that promoted their appeal to potential buyers." (Defs.' Resp. to Pl.'s Mot. for J. on Pleadings, at 2.)

On January 13, 2009, Regions sued Williamscraft alleging that Williamscraft was in default under the terms and conditions of the loan documents. Williamscraft filed a counterclaim alleging that: (1) Regions breached its subsequent oral agreement not to foreclose on its security deeds or sue on its notes; (2) Regions violated its duties under the Troubled Asset Relief Program ("TARP") by failing to modify its loan agreement with Williamscraft; and (3) Regions acted stubbornly, litigiously, and in bad faith and is therefore liable for Williamscraft's attorney fees. Regions now moves for judgment on the pleadings with respect to Williamscraft's counterclaim.

## II. Judgment on the Pleadings Standard

Judgment on the pleadings is appropriate when no issues of material fact exist and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). On a motion for judgment on the pleadings, as on a motion to dismiss, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Id. So viewed, the

complaint's allegations must plausibly suggest that the plaintiff has a right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard); Boyd v. Peet, 249 Fed. Appx. 155 (11th Cir. 2007) (applying Twombly to judgment on the pleadings standard).

### III. Discussion

#### A. Count I of Williamscraft's Counterclaim

Under Georgia law, a new, inconsistent agreement acts as a novation of an existing contract if (1) there is a previous and valid obligation, (2) the parties agree to the new contract, (3) the parties intend to substitute the new contract for the old one, and (4) the new contract is valid. Mil-Spec Industries Corp. v. Pyrotechnic Specialties, Inc., 262 Ga. App. 582, 584 (2003). Regions asserts that the alleged oral agreement does not satisfy the fourth requirement because it lacks consideration. Typically, a party's promise to do something that he is already legally bound to do is not sufficient consideration to create a valid contract. Citizens Trust Bank v. White, 274 Ga. App. 508, 511 (2005). Here, the original contract between the parties obligated Williamscraft to "keep all improvements erected on said premises in good order and repair." (Compl., Ex. A.) According to Williamscraft, the subsequent oral agreement required Williamscraft to "maintain its properties in a manner that

promoted their appeal to potential buyers and also to undertake the marketing of these properties to said potential buyers." (Defs.' Resp. to Pl.'s Mot. for J. on Pleadings, at 2.) Williamscraft asserts that the subsequent agreement is sufficient consideration because it requires Williamscraft to market the properties, unlike the original agreement, and to maintain the properties in a different manner than required by the original agreement. At the pleading stage, these allegations are sufficient to plausibly suggest that Williamscraft is entitled to relief, and therefore judgment on the pleadings with respect to the first count is inappropriate.

### B. Count II of Williamscraft's Counterclaim

In October 2008, Congress passed the Emergency Economic Stabilization Act to address the subprime mortgage crisis. The Act created the Troubled Asset Relief Program ("TARP"), which authorizes the United States Treasury Department to spend $700 billion to purchase assets and equity from financial institutions to stabilize domestic financial markets. To implement TARP, the Treasury purchased stock in certain financial institutions, including Regions Financial Corporation, through its Capital Purchase Program.

Williamscraft asserts that TARP creates a private right of action against fund recipients such as Regions who breach their duties under the act by choosing to foreclose upon, rather than modify, existing loans when so doing is not in the best

interest of the taxpayer and the bank. Absent express statutory authorization, courts will find a private right of action only if there is affirmative evidence of Congress's intent to create a private right of action. Erwin Chemerinsky, Federal Jurisdiction § 6.3 (5th ed. 2007); see also Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (refusing to create a private right of action under § 17(a) of the Securities Exchange Act of 1934 and stating that "our task is limited solely to determining whether Congress intended to create the private right of action asserted").

Here, there is no express private right of action against fund recipients or any affirmative evidence that Congress intended to create such a right. To the contrary, 12 U.S.C. § 5229, which expressly addresses judicial review under TARP, indicates that Congress did not intend to extend liability to fund recipients. Section 5229 allows individuals specifically harmed by TARP to challenge the Secretary's actions, but it does not mention a private right of action against fund recipients or other non-governmental entities. The existence of other remedies in § 5229 is sufficient under federal common law to imply a lack of congressional intent to allow private actions against fund recipients. For example, in Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11 (1979), the Supreme Court held that there is no cause of action for damages for violations of the Investment Advisors Act of 1940. The Court reasoned: "Congress expressly provided both judicial and administrative means for enforcing

compliance with § 206. . . . In view of these express provisions for enforcing the duties imposed by § 206, it is highly improbable that Congress absentmindedly forgot to mention an intended private action." Id. at 20 (internal quotation marks omitted). Similarly, in <u>Alexander v. Sandoval</u>, 532 U.S. 275 (2001), the Supreme Court held that there is no implied private right of action to enforce regulations enacted under Title VI of the Civil Rights Act of 1964. The Court reasoned, "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." Id. at 290. Accordingly, the Court finds that there is no express or implied right to sue fund recipients under TARP. See <u>Pantoja v. Countrywide Home Loans, Inc.</u>, No. C 09-01615 JW, 2009 WL 2423703 (N.D. Cal. July 9, 2009) (holding the same); <u>Ung v. GMAC Mortg.</u>, No. EDCV 09-893-VAP, 2009 WL 2902434 (C.D. Cal. Sept. 4, 2009) (unpublished) (holding the same). Therefore, Regions is entitled to judgment on the pleadings with respect to the second count of Williamscraft's counterclaim.

    C.    <u>Count III of Williamscraft's Counterclaim</u>

Under Georgia law, attorney fees are recoverable in a contract action where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. To show that the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and

expense, the plaintiff must show that there is no bona fide controversy. However, "if there is bad faith in the making or performance [of a] contract, attorney fees are authorized regardless of whether a bona fide controversy [exists] between the parties." Robert E. Canty Bldg. Contractors, Inc. v. Garrett Mach. & Const., Inc., 270 Ga. App. 871, 873 (2004). The plaintiff may show bad faith in a contract action in a number of ways. For example, evidence that a party entered into an agreement with no intention of keeping its promise may be sufficient to show bad faith. Gaines v. Crompton & Knowles Corp., 190 Ga. App. 863, 868 (1989). Accordingly, the allegations in Williamscraft's counterclaim are sufficient to plausibly suggest that Williamscraft is entitled to attorney fees, and therefore judgment on the pleadings with respect to the third count is inappropriate.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Judgment on the Pleadings [Doc. 9] is GRANTED in part and DENIED in part.

SO ORDERED, this 6 day of November, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge